Alvin M. Gomez, SBN 137818
Frank Zeccola, SBN 308875
**GOMEZ LAW GROUP**
2725 Jefferson Street, Suite 3
Carlsbad, California 92008
Telephone: (858) 552-0000
Facsimile: (760) 542-7761
amglawyers@yahoo.com

*Attorneys for Defendant Global Food Services*
*LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNITRA LEAVY, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>GFS GROUP, a corporate entity form unknown; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE No.: '21 CV 1913 JLS  WVG<br><br>(From the San Diego Superior Court Case No. 37-2021-00037941-CU-WT-CTL)<br><br>**DECLARATION OF ALVIN M. GOMEZ, ESQ. IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**<br><br><br>Complaint Filed: September 3, 2021 |

I, Alvin M. Gomez, Esq., declare as follows:

1.    I am one of the attorneys representing Defendant Global Food Services LLC ("GFS"), erroneously named as GFS Group, in the above-captioned matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Southern District of California. I have personal knowledge of the facts stated in this

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 3
CARLSBAD, CALIFORNIA 92008

declaration and, if called as a witness, could and would competently testify thereto.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the Summons, Complaint, and other documents which Plaintiff Arnitra Leavy ("Plaintiff") served on GFS by GFS's acknowledgement of service of process on October 12, 2021.

3.    Attached hereto as Exhibit 2 is a true and correct copy of the Notice to Adverse Parties and State Court of Defendant's Filing of Notice of Removal to be filed with the Clerk of Court in the Superior Court for the State of California, County of San Diego, and served on Plaintiff forthwith.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 9th day of November in Carlsbad, California.

/s/ Alvin M. Gomez

_____
Alvin M. Gomez, Esq.
**GOMEZ LAW GROUP**
Attorneys for Defendant
Global Food Services LLC

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 3
CARLSBAD, CALIFORNIA 92008

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/03/2021** at 02:13:32 PM

Clerk of the Superior Court
By Richard Day,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GFS GROUP, a corporate entity form unknown; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARNITRA LEAVY, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Hall of Justice- San Deigo Superior Court 330 W Broadway San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* 37-2021-00037941-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jihad M. Smaili (SBN: 262219); Smaili & Associates, PC; 600 West Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE: *(Fecha)* 09/07/2021 | Clerk, by *(Secretario)* R. Day | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jihad M. Smaili, Esq. SBN:262219<br>600 West Santa Ana Blvd Suite 202<br>Santa Ana , Ca 92701<br>TELEPHONE NO.: 714-547-4700     FAX NO. *(Optional)* 714-547-4710<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN DIEGO<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice- San Deigo Superior Court | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**09/03/2021** at 02:13:32 PM<br>Clerk of the Superior Court<br>By Richard Day, Deputy Clerk |

CASE NAME:
ARNITRA LEAVY vs. GFS GROUP

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2021-00037941-CU-WT-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Richard S. Whitney<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 9 (nine)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 9/3/2021

Jihad M. Smaili, Esq.
_____
(TYPE OR PRINT NAME)

▶ /s/ Jihad M. Smaili
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

1  Jihad M. Smaili, Esq. [262219]
   **SMAILI & ASSOCIATES, PC**
2  Civic Center Plaza Towers
   600 W. Santa Ana Blvd., Suite 202
3  Santa Ana, California 92701
   714-547-4700
4  714-547-4710 (facsimile)
5  jihad@smaililaw.com

6  Attorneys for Plaintiff

7                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                     **FOR THE COUNTY OF SAN DIEGO**

9

10  ARNITRA LEAVY, an individual;      )   Case No.:  37-2021-00037941-CU-WT-CTL
                                       )
11              Plaintiff,             )
                                       )
12       v.                            )
                                       )
13  GFS GROUP, a corporate entity form )       **PLAINTIFF'S STATEMENT OF**
                                       )          **PUNITIVE DAMAGES**
14  unknown; and DOES  1-50 inclusive, )             **[CCP §425.115]**
                                       )
15                                     )
                                       )
16              Defendants             )
                                       )
17                                     )

18  ────────────────────────────

19  **NOTICE TO:  GFS  GROUP, a  corporate  entity  form  unknown;  and**
20  **DOES  1—50,  inclusive**
    Plaintiff Arnitra Leavy reserves the right to seek $100,000.00 in punitive damages
21  against each of you when she seeks a judgment in the above captioned lawsuit filed
    against you.
22

23  Dated: September 22, 2021                   **SMAILI & ASSOCIATES, P.C.**

24

25

26                              By: _Jihad M. Smaili_
27                                  Jihad M. Smaili, Esq.
                                    Attorneys for Plaintiff
28

────────────────────────────

STATEMENT OF PUNITIVE DAMAGES

1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

| PLAINTIFF(S) / PETITIONER(S): | Arnitra Leavy |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | GFS Group |
|---|---|

LEAVY VS GFS GROUP [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2021-00037941-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                                  Department: C-68

## COMPLAINT/PETITION FILED: 09/03/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/11/2022 | 09:30 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

1  Jihad M. Smaili, Esq. [262219]
   **SMAILI & ASSOCIATES, PC**
2  Civic Center Plaza Towers
   600 W. Santa Ana Blvd., Suite 202
3  Santa Ana, California 92701
   714-547-4700
4  714-547-4710 (facsimile)
   jihad@smaililaw.com
5

6  Attorney for Plaintiff

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**09/03/2021** at 02:13:32 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF SAN DIEGO**

10  ARNITRA LEAVY, an individual;    )   Case No.:  37-2021-00037941-CU-WT-CTL
11                                   )   Assigned for all purposes to the
           Plaintiff,               )
12                                   )
                                     )
13        v.                        )   **COMPLAINT:**
                                     )   1. Discrimination in Violation of Gov. Code
14  GFS GROUP, a corporate entity form )      §12940 *et seq.*
    unknown; and DOES 1-50, inclusive, )   2. Failure to Accommodate in Violation of Gov.
15                                   )      Code § 12940(m)
                                     )   3. Failure to Engage in Interactive Process in
16        Defendants.               )      Violation of Gov. Code § 12940(n)
                                     )   4. Age Discrimination in Violation of Gov.
17                                   )      Code § 12940 et seq.
                                     )   5. Race/National Origin Discrimination in
18                                   )      Violation of Gov. Code § 12940 *et seq.*
                                     )   6. Failure to Prevent Discrimination in
19                                   )      Violation of Gov. Code § 12940(k)
                                     )   7. Retaliation in Violation of Gov. Code
20                                   )      §12940(h)
                                     )   8. Wrongful Termination
21                                   )   9. Violation of Business & Professions Code
                                     )      § 17200 *et seq.*
22                                   )
                                     )   **DEMAND FOR JURY TRIAL**
23                                   )   **UNLIMITED JURISDICTION**
                                     )
24                                   )
                                     )
25                                   )
                                     )
26                                   )
                                     )
27                                   )
                                     )
28                                   )

                              COMPLAINT

                                  1

Plaintiff Arnitra Leavy (hereinafter "Plaintiff" and/or "Leavy") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant GFS Group ("GFS"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of San Diego. Plaintiff is further informed and believes and thereon alleges that GFS was transacting business in the County of San Diego, State of California, at the time claims of Plaintiff arose. At all times relevant, GFS was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to GFS, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants,

COMPLAINT

2

and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.      Plaintiff is informed and believes and thereon alleges that at all times, the actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

///

COMPLAINT

3

**VENUE AND JURISDICTION**

9.      Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Oceanside, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of San Diego, State of California.

**FACTUAL BACKGROUND**

10.     On or about September 18, 2007, Defendant hired Plaintiff. Due to her dedication and hard work, she eventually became a shift lead supervisor. Her job duties included, but were not limited to, supervising, directing, and managing other employees who worked under her lead. At the age of 53, Plaintiff earned an hourly wage of $14.51.

11.     After over 13 years of employment, Plaintiff had received countless compliments and praise on her performance. She had even earned awards for her hard work and excellent customer service. Though she suffers from arthritis, has been designated as permanently disabled and requires light duty since 2007, Plaintiff has always worked diligently.

12.     Through no fault of her own, Plaintiff found herself in an increasingly hostile work environment, which came in retaliation to Plaintiff's reports of unlawful activity. Donna LNU, the dining manager, had been coming into work and leaving prior to her shifts' end. Moreover, Defendant's agent was forcing Plaintiff to take over her shifts, which meant leaving her in charge of all employees in the dining areas (front and back house). Not only was this much more work than one person can cover, it was far more work than the position encompassed by a shift lead.  To make matters worse, Defendant's agent also verbally attacked Plaintiff with foul and demeaning language.

13.     In or around October 2019, Plaintiff complained to Defendant's Human Resources ("HR") department regarding Donna's actions. Nonetheless, Defendant failed to remedy the hostile work environment and instead allowed the discrimination, harassment, and retaliation to continue and escalate.

14.     In or around December 2019, Plaintiff's health was suffering from the constant harassment and work-related stress. On one occasion, Defendant's agent, Donna, unfairly wrote up Plaintiff five (5) times in one day just to harass and retaliate against her for her complaints to HR. As a result, Plaintiff started to shake and experience difficulty breathing. It was obvious that she had buckled under Defendant's torment and abuse. Plaintiff requested a paramedic to be called because she has blood pressure concerns and had begun see stars. Egregiously, Defendant did not make a call for paramedics, nor did they provide her with workers' compensation documentation. Defendant did not even demonstrate basic human compassion, as following this incident, Plaintiff was suspended without pay for one week for her resistance to the harassment, discrimination, and retaliation.

15.     Accordingly, Plaintiff was physically disabled within the meaning of Gov't Code §12926 because Plaintiff's work-related stress and anxiety prevented Plaintiff from performing major life functions, including, without limitation, working.

16.     Furthermore, Defendant continued to make her job more difficult despite her disabilities. Rather than reprimand Donna, Defendant moved Plaintiff from one zone to another, forcing her to work new jobs and with different staff. They even placed her on probation. Then, in or around January 2020, Defendant hired a new project manager, Dante LNU. Dante picked up where Donna had left off in terms of harassing Plaintiff. He constantly pressured Plaintiff to work harder and faster than was reasonable or safe.

16.     Plaintiff complained to Dante that Defendant was supposed to be assigning her modified duties due to her disability. Plaintiff even reported that she was having pain and swelling in her right leg and requested workers' compensation paperwork, but Defendant denied her requests. Moreover, Defendant did not accommodate Plaintiff's requests for reasonable accommodations.

17.     Instead, Defendant's agent, Dante, removed personnel from Plaintiff's zones, thereby forcing Plaintiff to do multiple people's jobs on her own. He would also come and stand near her area to just watch her in an effort to intimidate her.

Smail & Associates, P.C.

18.     Dante's intentions were well-known, as he had given instruction to Plaintiff's supervisor, Tracy Williams to find a reason to terminate her. Plaintiff has filed at least four (4) grievances towards Defendant's agent for the incessant harassment and targeted discrimination. Still, Defendant failed to remedy the hostile work environment and prevent harassment and discrimination.

19.     After 13 years of loyal and diligent service, Plaintiff was inevitably aging. Defendant discriminated against Plaintiff further on the basis of her age.

20.     Egregiously, Defendant also discriminated against and harassed Plaintiff on the basis of her race. As the only Black woman in her workplace, Plaintiff is keenly aware that no other employee worked as hard as she did or was reprimanded as severely as she was.

21.     Defendant's agent was constantly looking for a reason to write her up. Whenever Plaintiff requested time off for illness, Defendant suggested that she was faking it and she was subsequently written up. No other employee was treated with the same degree of hostility and harassment.

22.     In May 2020, Plaintiff suffered the tragic death of her younger sister, and reached out to Defendant's agent to request time off the following week for the burial. Defendant refused to acknowledge her request. Plaintiff was terrified that she would be written up again or worse, terminated, if she was not able to get an approved day off because Defendant did not believe her. Outrageously, Plaintiff was forced to text a picture of her beloved deceased sister and only then did Defendant's agent believe her request.

23.     Revealingly, Defendant's Black employees who previously held Plaintiff's position have resigned due to the unbearable indignity, harassment, and discrimination in this hostile work environment.

24.     Desperate to try to find a way to keep working and not further impair her health, Plaintiff accepted a demotion in August 2020 because Defendant refused to accommodate her. However her health continued to deteriorate. In or around September

COMPLAINT

6

16, 2020, Plaintiff's doctor placed her off work for work-related stress and an arthritis flare up in her right shoulder. Even when Plaintiff tried to provide her doctor's note to HR, Defendant harassed her and refused to accept the document.

25.   Finally, on or about May 3, 2021, Defendant wrongfully terminated Plaintiff, in blatant retaliation for her requests for accommodation, FMLA, and due to Plaintiff's age, race, national origin, and disability.

26.   It is our position that Plaintiff has suffered discrimination, harassment, and retaliation, due to her age, race, work-related injuries, disability, and engagement in protected activity. Further, Defendant failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, and failed to offer any reasonable accommodation.

27.   Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated October 9, 2020.

## FIRST CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*
#### (Against All Defendants)

28.   Plaintiff refers to all allegations contained in paragraphs 1-27, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

29.   California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

30.   Plaintiff has a disability as alleged above.

COMPLAINT

7

31.     Defendant was aware of Plaintiff's work-related stress, anxiety, and work-related injuries and resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

32.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

33.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

34.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

35.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

36.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

37.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and

that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

38.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

39.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

40.    Plaintiff is informed and believes and thereon alleges that her disability was a motivating factor in the decision of Defendant to discriminate against her and terminate her.

41.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

42.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

43.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940(m)

### (Against All Defendants)

44.    Plaintiff refers to all allegations contained in paragraphs 1-43, inclusive and

by such reference incorporates the same herein as though fully realleged in detail.

45.     Plaintiff has a disability as alleged above.

46.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

47.     Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of her disabilities.

48.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

49.     Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

50.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of at least three hundred thousand dollars, all subject to proof at the time of trial.

51.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

52.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise,

control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

53.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

54.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

55.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

56.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

57.     The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

58.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

///

///

///

///

COMPLAINT

11

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

#### (Against All Defendants)

59.     Plaintiff refers to all allegations contained in paragraphs 1-58, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

60.     Plaintiff has a disability as alleged above.

61.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

62.     Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with her job.

63.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

64.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

65.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars, subject to proof at the time of trial.

66.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

67.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

68.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

69.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

70.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

71.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

72.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

73.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### FOURTH CAUSE OF ACTION

### AGE DISCRIMINATION

### IN VIOLATION OF GOV. CODE § 12940 *et seq.*

### (Against All Defendants)

74.    Plaintiff refers to all allegations contained in paragraphs 1-73, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

75.    At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant. These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

76.    At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40. Plaintiff is informed and believes and thereon alleges that after wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

77.    Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

78.    Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and her corresponding age.

79.    At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

80.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

81.    Defendants' discriminatory action against Plaintiff, as alleged above,

constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

82.    As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

83.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

84.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

85.    Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

86.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

87.    The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

88.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

## FIFTH CAUSE OF ACTION

### DISCRIMINATION BASED UPON RACE/NATIONAL ORIGIN IN VIOLATION OF GOV. CODE §12940 *ET SEQ.*

#### (Against all Defendants)

89.     Plaintiff refers to all allegations contained in paragraphs 1-88, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

90.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.   FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics

91.     FEHA, codified at *Government Code* §12900 et seq., prohibits discrimination against persons based on race and/or national origin.

92.     Plaintiff identifies as Hispanic.

93.     Defendant was aware that Plaintiff identifies as Hispanic because Plaintiff specifically advised Defendant, and each of them, of the same.

94.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

95.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's race/national origin, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

96.     Defendant's discriminatory action against Plaintiff, as alleged above,

Smaili & Associates, P.C.

constitutes unlawful discrimination in employment on account of Plaintiff's race/national origin, in violation of FEHA, and particularly *Gov't Code* §12940.

97.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount believed to be three hundred thousand dollars, subject to proof at the time of trial.

98.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

99.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

100.    Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

101.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees based on their race/national origin.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

102.    Plaintiff is informed and believes and thereon alleges that his race/national origin was a motivating factor in the decision of Defendant to discriminate against him and/or terminate him.

103.   The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

104.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 et seq.

## SIXTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)
#### (Against All Defendants)

105.   Plaintiff refers to all allegations contained in paragraphs 1-104, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

106.   During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of her disability, requesting accommodation, age, and participation in protected conduct in violation of *Government Code* §12940(k).

107.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

108.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received all to her damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

109.   Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of

Smaili & Associates, P.C.

Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

110.   As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

111.   These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

112.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

<u>**SEVENTH CAUSE OF ACTION**</u>

**RETALIATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE §12940(h)**

**(Against All Defendants)**

113.   Plaintiff refers to all allegations contained in paragraphs 1-112, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

114.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant. This statute requires Defendant to refrain from retaliating against Plaintiff.

115.   Plaintiff is informed and believes and thereon alleges that as a consequence of her requests for disability accommodations, requests for FMLA, filing/perceived filing for workers' compensation, and complaints to Defendant about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job for which workers' compensation coverage was required along with reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with her

job, failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

116.    Defendant unlawfully retaliated against Plaintiff after she engaged in protected activity, such as without limitation, requesting disability accommodations, requesting FMLA, filing/perceived filing for workers' compensation, and lodging workplace complaints related to the harassment and discrimination that she was facing, and other complaints of a hostile and unsafe working environment.

117.    As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to her damage in a sum according to proof.

118.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

119.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## EIGHTH CAUSE OF ACTION
### WRONGFUL TERMINATION
### (Against All Defendants)

120.    Plaintiff refers to all allegations contained in paragraphs 1-119, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

121.    Plaintiff informed Defendants that she suffered from disabilities. Further, Defendants were aware of Plaintiff's requests for accommodation and complaints about her workplace environment.

122.   *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

123.   *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

124.   *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

125.   *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

126.   Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because: (i) she had suffered a work-related injury/disability, (ii) she requested and required reasonable accommodation, (iii) she required an interactive process, (vi) she requested FMLA, and (v) she lodged complaints about the hostile working environment.

127.   Plaintiff is informed and believes and thereon alleges that these factors made up Defendant's decision to terminate Plaintiff and/or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

128.   As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

129.   In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

///

///

## NINTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

130.   Plaintiff refers to all allegations contained in paragraphs 1-129 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

131.   Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

132.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

133.   By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

134.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

135.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of Defendant, and each of them.

136.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000);

2.  For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.  For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4.  For pre-judgment and post-judgment interest, according to proof;

5.  For punitive and exemplary damages, according to proof;

6.  For attorneys' fees, according to proof and statute;

7.  For costs of suit incurred herein;

8.  For such other relief and the Court may deem just and proper.

Dated: September 3, 2021            **SMAILI & ASSOCIATES, P.C.**


By:  */s/ Jihad M. Smaili*
            Jihad M. Smaili, Esq.
            Attorney for Plaintiff

COMPLAINT

23

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: September 3, 2021             **SMAILI & ASSOCIATES, P.C.**


By:  */s/ Jihad M. Smaili*
        Jihad M. Smaili, Esq.
        Attorney for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

| PLAINTIFF(S) / PETITIONER(S): | Arnitra Leavy |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | GFS Group |

LEAVY VS GFS GROUP [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2021-00037941-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                              Department: C-68

## COMPLAINT/PETITION FILED: 09/03/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/11/2022 | 09:30 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Arnitra Leavy |
|---|
| DEFENDANT(S): GFS Group |
| SHORT TITLE: LEAVY VS GFS GROUP [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2021-00037941-CU-WT-CTL |
|---|---|

Judge: Richard S. Whitney                                                                                    Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                              ☐ Non-binding private arbitration

☐ Mediation (private)                                             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)          ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                                        Date: _____

_____                              _____
Name of Plaintiff                                                              Name of Defendant

_____                              _____
Signature                                                                         Signature

_____                              _____
Name of Plaintiff's Attorney                                            Name of Defendant's Attorney

_____                              _____
Signature                                                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 09/07/2021                                                            _____
                                                                                          JUDGE OF THE SUPERIOR COURT



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00037941-CU-WT-CTL          CASE TITLE: Leavy vs GFS Group [IMAGED]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
  **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
  **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** <u>**and**</u>
  **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  • In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
  • In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

# EXHIBIT 2

1  Alvin M. Gomez, SBN 137818
2  Frank Zeccola, SBN 308875
   **GOMEZ LAW GROUP**
3  2725 Jefferson Street, Suite 3
   Carlsbad, California 92008
4  Telephone: (858) 552-0000
5  Facsimile: (760) 542-7761
6  amglawyers@yahoo.com

7  *Attorneys for Defendant Global Food Services*
8  *LLC*

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10              **COUNTY OF SAN DIEGO**

11

12  ARNITRA LEAVY, an individual,        | CASE No.:  37-2021-00037941-CU-
                                         | WT-CTL
13         Plaintiff,
14  v.                                   | **DEFENDANT GLOBAL FOOD
                                         | SERVICES LLC'S NOTICE TO
15  GFS GROUP, a corporate entity        | ADVERSE PARTIES AND
    form unknown; and DOES 1             | STATE COURT OF
16  through 50, inclusive,               | DEFENDANT'S FILING OF
                                         | NOTICE OF REMOVAL**
17
18         Defendants.
19
20
21                                        | Complaint Filed: September 3, 2021

22         **TO PLAINTIFF, HER ATTORNEYS OF RECORD, AND THE
23  CLERK OF THE ABOVE-ENTITLED COURT:**
24         **PLEASE TAKE NOTICE** that Defendant Global Food Services
25  LLC ("GFS"), erroneously named as GFS Group, by and through its
26  undersigned counsel, has filed a Notice of Removal pursuant to 28 U.S.C.
27  §§ 1331, 1441, and 1446 in the above-captioned action, removing the
28  above-captioned action to the United States District Court for the

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 3
CARLSBAD, CALIFORNIA 92008

Southern District of California. Attached hereto as Exhibit A is a copy of the Notice of Removal, including all exhibits, that was filed in the United States District Court for the Southern District of California.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446, the filing of a Notice of Removal in the United States District Court effectuates the removal of this action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

DATED:   November 9, 2021        **GOMEZ LAW GROUP**
By:
/s/ Alvin M. Gomez
_____
ALVIN M. GOMEZ
Attorneys for Defendant Global Food
Services LLC

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 3
CARLSBAD, CALIFORNIA 92008

1  Alvin M. Gomez, Esq., State Bar No. 137818
   alvingomez@thegomezlawgroup.com
2  Frank Zeccola, Esq., State Bar No. 308875
   Frankzeccola@thegomezlawgroup.com
3  **GOMEZ LAW GROUP**
4  2725 Jefferson Street, Suite 3
5  Carlsbad, California 92008
   Telephone: (858) 552-0000
6  Facsimile: (760) 542-7761
7
8  Attorney for Defendant GFS Group

9  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10 **FOR THE COUNTY OF SAN DIEGO**
11

12 ARNITRA LEAVY, an individual,        Case No.: 37-2021-00037941-CU-WT-
                                        CTL
13         Plaintiff,
                                        **PROOF OF SERVICE**
14 v.

15
   GFS GROUP, a corporate entity
16 unknown; and DOES 1-50,
   inclusive,
17
18         Defendants.
19
20
21
22
23
24
25
26
27
28

*Left margin:* **GOMEZ LAW GROUP** A PROFESSIONAL CORPORATION 2725 JEFFERSON STREET, SUITE 3 CARLSBAD, CALIFORNIA 92008

*37-2021-00037941-CU-WT-CTL*

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2725 Jefferson Street, Suite 3, Carlsbad, California 92008.

On November 10, 2021, I served the following document(s) described as:

- **DEFENDANT GLOBAL FOOD SERVICES LLC'S NOTICE TO ADVERSE PARTIES AND STATE COURT OF DEFENDANT'S FILING OF NOTICE OF REMOVAL**

( ) **BY MAIL**. I served in a sealed envelope(s) the above-described document(s) as follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States postal service on that same day in the ordinary course of business. I am aware that upon motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

( x ) **VIA EMAIL.** I caused the above document(s) to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The email address from which the above-referenced documents were sent is: frankzeccola@thegomezlawgroup.com.

( ) **BY PERSONAL SERVICE BY DELIVERING A COPY**

( ) **BY *CASE ANYWHERE*** as follows: I submitted or caused to be submitted an electronic version of the documents described above via File Transfer Protocol (FTP) to the Case Anywhere home page through the upload feature found at http://secure.caseanywhere.com

( ) **VIA CM/ECF ELECTRONIC FILING SYSTEM:** I transmitted via the Internet a true copy(s) of the above-entitled document(s) to the CM/ECF system of the United States District Court for the Southern District of California and concurrently caused the above-entitled documents(s) to be sent to the recipients listed above pursuant to the Service List maintained by and as it exists on that database. This will constitute service of the above-listed document(s).

on the following interested party(ies) in this action:

Jihad M. Smaili, Esq.
Smaili & Associates, PC
Jihad@smaililaw.com
*Attorneys for Plaintiff, ARNITRA LEAVY*

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 3
CARLSBAD, CALIFORNIA 92008

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 3
CARLSBAD, CALIFORNIA 92008

Executed on November 10, 2021, at Hayward, California.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

/s/Frank Zeccola

_____
Frank Zeccola

PROOF OF SERVICE