UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNITRA LEAVY, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>GFS GROUP, a corporate entity form unknown; and DOES 1 through 50, inclusive,<br><br>                                    Defendants. | Case No.: 21-CV-1913 JLS (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 4) |

Presently before the Court is the Motion to Dismiss ("Mot.," ECF No. 4) filed by Defendant Global Food Services LLC ("Defendant" or "GFS"), erroneously named as GFS Group. Plaintiff Arnitra Leavy ("Plaintiff") filed an Opposition to ("Opp'n," ECF No. 6), and Defendant filed a Reply in support of ("Reply," ECF No. 8), the Motion. The Court vacated the hearing on the Motion and took it under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 9. Having considered Plaintiff's Complaint ("Compl.," ECF No. 1-2 at 10–33), the Parties' briefing, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for the reasons that follow.

/ / /

/ / /

# BACKGROUND[1]

Defendant, who "operate[s] out of Oceanside, California," hired Plaintiff on or about September 18, 2007. Compl. ¶¶ 9–10. Plaintiff suffers from arthritis and, since 2007, has been designated as permanently disabled and requiring light duty. *Id.* ¶ 11. Plaintiff eventually became a shift lead supervisor earning an hourly wage of $14.51. *Id.* ¶ 10. "Plaintiff has always worked diligently," and "ha[s] even earned awards for her hard work and excellent customer service." *Id.* ¶ 11.

Donna, the dining manager, had been arriving late for and leaving prior to the end of her shifts. *Id.* ¶ 12. "Defendant's agent was forcing Plaintiff to take over [Donna's] shifts," which was "more work than one person can cover" and "far more work than the position encompassed by a shift lead [supervisor]," and "also verbally attack[ing] Plaintiff with foul and demeaning language." *Id.* In or around October 2019, Plaintiff complained to Defendant's human resources department ("HR") about Donna's actions, but Defendant failed to remedy the hostile work environment, instead permitting the situation to continue and escalate. *Id.* ¶ 13.

By in or around December 2019, the "constant harassment and work-related stress" was causing Plaintiff's health to suffer. *Id.* ¶ 14. On one occasion, Donna "unfairly wrote up Plaintiff five (5) times in one day just to harass and retaliate against her for her complaints to HR." *Id.* This caused Plaintiff to shake and have difficulty breathing. *Id.* Plaintiff began to see stars and requested that a paramedic be called because of blood pressure concerns. *Id.* However, Defendant failed to call for paramedics or provide Plaintiff with workers' compensation documentation. *Id.* Plaintiff was suspended without pay for a week following the incident. *Id.* Thereafter, instead of reprimanding Donna,

///

---

[1] The facts alleged in Plaintiff's Complaint are accepted as true for purposes of Defendant's Motion. *See Vasquez v. Los Angles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

Defendant moved Plaintiff from zone to zone, "forcing her to work new jobs and with different staff." *Id.* ¶ 16. "[Defendant] even placed [Plaintiff] on probation." *Id.*

In or around January 2020, Defendant hired a new project manager, Dante. *Id.* "[Dante] constantly pressured Plaintiff to work harder and faster than was reasonable or safe." *Id.* Plaintiff complained to Dante that he was supposed to assign her modified duties due to her disability. *Id.* Plaintiff also reported that she was experiencing pain and swelling in her right leg and requested workers' compensation paperwork. *Id.* However, Defendant denied Plaintiff's requests. *Id.* In fact, Dante removed personnel from Plaintiff's zones, thus forcing Plaintiff to do the work of multiple individuals herself. *Id.* ¶ 17. He would also stand near Plaintiff's work area to watch and intimidate Plaintiff. *Id.*

Dante instructed Plaintiff's supervisor, Tracy Williams, to find a reason to terminate Plaintiff. *Id.* ¶ 18. Defendant and its agents "w[ere] constantly looking for a reason to write [Plaintiff] up." *Id.* ¶ 21. Whenever Plaintiff requested time off for illness, Defendant accused her of "faking it" and wrote her up. *Id.* No other employee was treated this way. *Id.* In May of 2020, Plaintiff's younger sister passed away, and Plaintiff asked for time off for the burial. *Id.* ¶ 22. Defendant refused to believe Plaintiff's request until Plaintiff texted a picture of her deceased sister. *Id.*

In August 2020, Plaintiff accepted a demotion because Defendant refused to accommodate Plaintiff. *Id.* ¶ 24. However, Plaintiff's health continued to deteriorate, and on or about September 16, 2020, "Plaintiff's doctor placed her off work for work-related stress and an arthritis flare up in her right shoulder." *Id.* Plaintiff attempted to give HR her doctor's note, but Defendant refused to accept the document. *Id.* "[O]n or about May 3, 2021, Defendant wrongfully terminated Plaintiff." *Id.* ¶ 25.

Plaintiff claims she filed at least four grievances concerning harassment and discrimination, but Defendant failed to remedy its hostile work environment. *Id.* ¶ 18. Plaintiff claims she was discriminated against on the basis of her age, *id.* ¶ 19, and her race, given that she was the only Black woman in her workplace, *id.* ¶ 20. Prior Black employees who have held Plaintiff's position have resigned as a result of the harassment and

discrimination they have faced. *Id.* ¶ 23. Plaintiff further asserts she was discriminated against, retaliated against, and harassed due to her work-related injuries and her disability. *Id.* ¶ 26.

Plaintiff initiated this action on September 3, 2021, when she filed the Complaint in the Superior Court of the State of California for the County of San Diego. *See generally* Compl. The Complaint asserts nine claims for violations of California law: (1) discrimination in violation of California Government Code § 12940 *et seq.*; (2) failure to accommodate in violation of California Government Code § 12940(m); (3) failure to engage in interactive process in violation of California Government Code § 12940(n); (4) age discrimination in violation of California Government Code § 12940 *et seq.*; (5) race/national origin discrimination in violation of California Government Code § 12940 *et seq.*; (6) failure to prevent discrimination in violation of California Government Code § 12940(k); (7) retaliation in violation of California Government Code § 12940(h); (8) wrongful termination; and (9) violation of California Business & Professions Code § 17200 *et seq.* (the "UCL"). *See generally id.*

On November 10, 2021, Defendant removed to this District on the basis of diversity jurisdiction and federal enclave jurisdiction. *See generally* ECF No. 1 ("Notice of Removal"). The same day, Defendant filed the instant Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

///

# ANALYSIS

Defendant moves to dismiss primarily on the basis that GFS is located on Camp Pendleton, a federal enclave, and thus Plaintiff's claims are barred under the federal enclave doctrine. *See* ECF No. 4-1 ("Mot. Mem.") at 8–11. Alternatively, Defendant argues that Plaintiff's claims all fail as a matter of law for failure to state a claim. *Id.* at 12–22. Defendant seeks dismissal of Plaintiff's Complaint with prejudice. *Id.* at 23.[2]

The Court addresses Defendant's arguments in turn.

## I. The Federal Enclave Doctrine

As an initial matter, Defendant contends that Plaintiff's claims are all subject to dismissal pursuant to the federal enclave doctrine. Mot. Mem. at 8. "Under the Constitution, the United States has the power to acquire land from the states for certain specified uses and to exercise exclusive jurisdiction over such lands, which are known as federal enclaves." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005) (citing *Lord v. Local Union No. 2088, Int'l Bhd. of Elec. Workers*, 646 F.2d 1057, 1059 (5th Cir. 1981)). "Claims due to acts that took place on a federal enclave are under exclusive federal law jurisdiction." *Rosseter v. Indus. Light & Magic*, No. C 08-4545 WHA, 2009 WL 210452, at *1 (N.D. Cal. Jan. 27, 2009). "However, in order to ensure that no such area is left without a developed legal system for private rights, preexisting state law not inconsistent with federal policy becomes federal law and remains in existence until altered by national legislation." *Snow v. Bechtel Const. Inc.*, 647 F. Supp. 1514, 1521 (C.D. Cal. 1986) (citing *Pac. Coast Dairy v. Dep't of Agriculture of Cal.*, 318 U.S. 285, 294 (1943)).

///

---

[2] In her Opposition, Plaintiff states: "Importantly, <u>Defendant made no attempt to meet and confer with Plaintiff's counsel</u> regarding the substance of its Motion prior to its filing on November 10, 2021." Opp'n at 2 (emphasis in original). However, while the Civil Local Rules require parties to meet and confer prior to the filing of any discovery motion, there is no such requirement for motions to dismiss. *See* S.D. Cal. CivLR 21.6(a). Further, Plaintiff was entitled to amend her Complaint as a matter of course rather than oppose to the Motion. *See* Fed. R. Civ. P. 15(a)(1)(B).

Here, Defendant argues that "Plaintiff alleges all claims occurred and accrued out of GFS's Oceanside operations, which is located on Camp Pendleton," which is and has been a federal enclave since no later than 1942. Mot. Mem. at 8 (citations omitted). Because the California Fair Employment and Housing Act, alleged violations of which underpin Plaintiff's first seven claims, was not enacted until 1980, Plaintiff's first seven claims are barred by the federal enclave doctrine. *Id.* at 8–9. Further, California's common law claim for wrongful termination in violation of public policy was recognized at the earliest in 1959, so Plaintiff's eighth claim also is barred by the federal enclave doctrine. *Id.* at 9–10. To the extent Plaintiff seeks restitution under the UCL, such relief was not available under the predecessor statute at the time Camp Pendleton became a federal enclave, thus barring that claim for relief. *Id.* at 10–11. Finally, because FEHA was not in existence in 1942, the right to attorneys' fees under FEHA did not exist at the time Camp Pendleton became a federal enclave, either, thus necessitating the dismissal of Plaintiff's request for fees. *Id.* at 11.

Plaintiff counters that "Defendant ignores the fact that the Complaint does not allege that Plaintiff worked at Camp Pendleton" and that Defendant therefore improperly "relies upon its own Declaration of Clifford Guzman," filed in support of its Notice of Removal, to support this request. Opp'n at 4–5. At any rate, Plaintiff argues that her claims fall within an exception to the federal enclave doctrine codified in 28 U.S.C. § 5001. *Id.* at 5–6. Finally, to the extent the Court finds the federal enclave doctrine bars Plaintiff's claims, Plaintiff requests leave to amend to assert her claims as federal causes of action. *Id.* at 6–7.

In its Reply, Defendant argues that Plaintiff cannot avoid the application of the federal enclave doctrine by artfully pleading to avoid mention of Camp Pendleton. Reply at 3. Defendant argues that Plaintiff's workplace—Camp Pendleton—forms "the basis of plaintiff's claim," and therefore the Guzman Declaration submitted in support of the Notice of Removal is properly incorporated by reference. *Id.* at 4. Further, Defendant argues that the section 5001 exception to the federal enclave doctrine only applies to physical injuries;

because Plaintiff only alleges emotional distress, her claims do not fall within the exception and are subject to dismissal. *Id.* at 5–6.

Although the Court finds it proper to take judicial notice of the fact that Camp Pendleton is a federal enclave, *see Jamil v. Workforce Res., LLC*, No. 18-CV-27-JLS (NLS), 2018 WL 2298119, at *2 (S.D. Cal. May 21, 2018) (citing *Shurow v. Gino Morena Enters., LLC*, No. 3:16-cv-2844-L-KSC (S.D. Cal. 2017); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007)), the Court finds that it is unable to determine, at this early point in the proceedings, whether the federal enclave doctrine bars Plaintiff's claims. The Court declines, at this preliminary stage of the litigation, to convert this Motion to a motion for summary judgment or partial summary judgment under Federal Rule of Civil Procedure 56. *See Powell v. Tessada & Assocs., Inc.*, No. C 04-05254 JF, 2005 WL 578103, at *1 (N.D. Cal. Mar. 10, 2005). That being so, while "[t]he Court may 'look[ ] beyond the face of the complaint' to determine whether the complaint is 'artfully pleaded' to avoid federal jurisdiction," *Jamil v. Workforce Res., LLC*, No. 18-CV-27-JLS (NLS), 2018 WL 2298119, at *4 (S.D. Cal. May 21, 2018) (citing *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987)), "neither the complaint nor the facts over which this court takes judicial notice indicate where the events underlying this action occurred," *Zuniga v. Chugach Maint. Servs.*, No. CVF060048AWILJO, 2006 WL 769317, at *6 (E.D. Cal. Mar. 24, 2006).

The Complaint only states that the claims "occurred and accrued in the County of San Diego, State of California." Compl. ¶ 9. Camp Pendleton is not referenced. While the Declaration of Clifford Guzman ("Guzman Decl.," ECF No. 1-3) states that, "[b]ased on my review of the information contained in the personnel file for Plaintiff, . . . Plaintiff worked for GFS at Camp Pendleton," *id.* ¶ 7, it does not go so far as to state that Plaintiff worked exclusively out of premises located within Camp Pendleton, or that all, or even a substantial portion of, the relevant events occurred on Camp Pendleton. Further, the exhibits to the Guzman Declaration do not convince this Court that the claims necessarily arose from actions that took place on Camp Pendleton, given that Defendant's California

street address specified in the Statement of Information filed with the California Secretary of State does not appear to be within the confines of Camp Pendleton. *See* Guzman Decl. Ex. B. Accordingly, to the extent Defendant argues that Plaintiff's claims must be dismissed pursuant to the federal enclave doctrine, the Court **DENIES** the Motion. Given this determination, the Court need not reach the question of whether Plaintiff's claims fall within the 28 U.S.C. § 5001 exception to the federal enclave doctrine.

**II.    Sufficiency of Discrimination Claims (Claims 1, 4, and 5)**

Defendant argues that Plaintiff's claims premised on allegedly discriminatory acts fail as a matter of law "[i]n light of the infrequent, minor, and non-actionable conduct of GFS combined with Plaintiff's allegations of GFS's valid reasons for reprimanding her." Mot. Mem. at 14. Plaintiff counters that her claims are adequately pleaded. Opp'n at 8–11.

"To establish a prima facie case of disability discrimination under FEHA, a plaintiff must show '(1) [she] suffers from a disability; (2) [she] is otherwise qualified to do [her] job; and, (3) [she] was subjected to adverse employment action because of [her] disability.'" *Martinez v. Costco Wholesale Corp.*, 481 F. Supp. 3d 1076, 1090 (S.D. Cal. 2020) (quoting *Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864 (2007)). "To state a prima facie case of race or age discrimination under FEHA, a plaintiff must show that: '(1) [she] was a member of a protected class, (2) [she] was qualified for the position [she] sought or was performing competently in the position [she] held, (3) [she] suffered an adverse employment action . . . , and (4) some other circumstance suggests discriminatory motive.'" *Chisolm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1059 (S.D. Cal. 2019) (quoting *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113(Cal. 2000)), *aff'd*, 814 F. App'x 194 (9th Cir. 2020).

"California defines adverse employment actions as those 'materially affect[ing] the terms, conditions, or privileges of employment.'" *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017) (quoting *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1052 (2005)). "[T]he phrase 'terms, conditions, or privileges' of employment must be

interpreted liberally and with a reasonable appreciation of the realities of the workplace in order to afford employees the appropriate and generous protection against employment discrimination that the FEHA was intended to provide." *Id.* (quoting *Yanowitz*, 36 Cal. 4th at 1054) (internal quotation marks omitted).

"Among those employment decisions that can constitute an adverse employment action are termination[.]" *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (citations omitted). Accordingly, to the extent Defendant argues that the actions of which Plaintiff complains are "minor" or "non-actionable," *see* Mot. Mem. at 14, Defendant is focusing on certain conduct alleged in the Complaint to the exclusion of others. Further, while Plaintiff's Complaint acknowledges the reasons Defendant gave for some of its conduct—for example, accusing Plaintiff of "faking it" when she requested time off for illness and accordingly "writ[ing her] up," Compl. ¶ 21—the Court can and does plausibly infer, based on the facts alleged in the Complaint, that Plaintiff contends that these reasons were pretextual. Whether or not Defendant in fact had "valid reasons for reprimanding [Plaintiff]," Mot. Mem. at 14, is a determination for the trier of fact to make at a later stage in the proceedings.

Plaintiff alleges that she suffered from one or more legally cognizable disabilities, *see* Compl. ¶¶ 14–15, 24, 30; *see, e.g.*, *Wilfong v. Tharco Packaging, Inc.*, 671 F. App'x 549, 549 (9th Cir. 2016) (recognizing gout and arthritis could limit major life activities of working and walking); *Kailikole v. Palomar Cmty. Coll. Dist.*, 384 F. Supp. 3d 1185, 1193 (S.D. Cal. 2019) ("Anxiety, nervousness, depression, helplessness, and panic attacks could, as a matter of law, meet the definition of mental disability even under the 'substantial limitation' standard.") (citation omitted); that she was otherwise qualified to hold her position and able to perform the essential duties thereof, *see* Compl. ¶¶ 11, 32; and that Defendant took numerous adverse actions against her—including, ultimately, termination—as a result of Plaintiff's disability, *see id.* ¶¶ 25, 35. Accordingly, Plaintiff has adequately pleaded, at this early stage in the proceedings, a claim for disability discrimination and the Court **DENIES** Defendant's Motion as to Plaintiff's first claim.

As to Plaintiff's claims for age and race/national origin discrimination, Plaintiff states that she is a Black woman in her fifties. *Id.* ¶¶ 10, 20.[3] Accordingly, she is a member of a protected class both with regards to her age discrimination claim, *see id.* ¶¶ 75–76 (citing Cal. Gov't Code §§ 12940(a), 12941), and her race/national origin claim, *see id.* ¶¶ 90–91 (citing Cal. Gov't Code § 12900 *et seq.*). Plaintiff pleads that she was qualified to hold her position and performing competently in her position. *See id.* ¶¶ 79, 94. She again alleges that she was terminated because of her membership in the protected classes, which, as noted *supra*, can constitute an adverse employment action. *See id.* ¶¶ 80, 95. Accordingly, Plaintiff satisfactorily pleads the first three elements of her age and race/national origin discrimination claims.

As to the final element, whether some other circumstance suggests a discriminatory motive, "[a] plaintiff satisfies this prong by plausibly alleging similarly situated individuals outside [her] protected class were treated more favorably or by plausibly alleging other circumstances surrounding the adverse employment action gives rise to an inference of discrimination." *Smith v. W.W. Grainger, Inc.*, No. EDCV181405JGBSPX, 2019 WL 1670942, at *3 (C.D. Cal. Feb. 5, 2019) (citing *Pleasant v. Autozone, Inc.*, 2013 WL 3121360, at *6 (C.D. Cal. June 19, 2013)).

Here, while Plaintiff pleads that "Defendant's Black employees who previously held Plaintiff's position have resigned due to the unbearable indignity, harassment, and discrimination in this hostile work environment," *id.* ¶ 23, and alleges, on information and belief, "that Plaintiff was replaced with an employee below the age of 40," *id.* ¶ 77, Plaintiff fails to plead concrete facts tending to show that other Black employees were terminated on the basis of their race, or that Plaintiff's non-Black and/or substantially younger work colleagues were treated more favorably—i.e., not terminated—because they were outside

---

[3] Later, the Complaint alleges that "Plaintiff identifies as Hispanic," *id.* ¶ 92, but also refers to Plaintiff as "he," *see id.* ¶ 94, and "him," *id.* ¶ 102. Accordingly, the Court assumes that the later references to Plaintiff as Hispanic are typographical errors left over from a prior pleading.

Plaintiff's protected class(es). Accordingly, the Court finds that Plaintiff has failed to adequately plead the fourth element of her age and race/national origin discrimination claims and **GRANTS** Defendant's Motion as to Plaintiff's fourth and fifth claims.

### III. Sufficiency of Failure to Accommodate Claim (Claim 2)

Defendant contends that Plaintiff's claim for failure to accommodate must be dismissed because Plaintiff's allegations are inconsistent in that Plaintiff claims that Defendant accommodated her disability but later claims Defendant did not accommodate her. Mot. Mem. at 14–15 (citing Compl. ¶¶ 11, 25). Defendant argues that the Court can and should disregard Plaintiff's inconsistent allegations, thereby rendering Plaintiff's claim defective. *Id.* at 15 (citations omitted). Plaintiff counters that "Defendant blatantly misrepresents the allegations of Plaintiff's Complaint," and "at no point in her Complaint does Plaintiff allege that she was accommodated by Defendant." Opp'n at 12. Defendant responds that if Plaintiff "require[d]" light duty since 2007, and Plaintiff worked for thirteen years with Defendant, "by Plaintiff's own allegations, GFS accommodated her." Reply at 8–9.

"The elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." *Chisolm*, 383 F. Supp. 3d at 1054 (quoting *Lui v. City & Cnty. of San Francisco*, 211 Cal. App. 4th 962 (2012)). "A reasonable accommodation is 'a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired.'" *Id.* (citing *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952 (2008); *Taylor v. Trees, Inc.*, 58 F. Supp. 3d 1092, 1111 (E.D. Cal. 2014)).

The Court finds that Plaintiff has adequately pleaded her claim. As noted *supra*, Plaintiff states that she suffered from several potentially disabling conditions under FEHA, including arthritis and work-related stress and anxiety. *See* Compl. ¶¶ 14–15, 24, 30. She pleads that she was qualified to perform the essential functions of her job. *Id.* ¶ 48. And she pleads that Defendant failed to reasonably accommodate her disabilities, instead

making her work even harder. *Id.* ¶¶ 16–17, 24–25, 47. Whether or not Defendant may have accommodated Plaintiff's disability and need for light duty based on her arthritis during Plaintiff's first thirteen years of duty, *see* Reply at 8–9, Plaintiff's allegations make clear that subsequent requests for accommodation were rejected. This is not, as Defendant contends, contradictory. Accordingly, the Court **DENIES** Defendant's Motion as to Plaintiff's second claim.

### IV. Sufficiency of Failure to Engage in Interactive Process Claim (Claim 3)

Defendant argues that Plaintiff's claim for failure to engage in interactive process fails for the same reason her failure to accommodate claim fails—namely, because "Plaintiff alleges that GFS accommodated Plaintiff beginning in 2007, when it placed her on light duty," then "GFS, in fact, engaged in the interactive process and accommodated Plaintiff." Mot. Mem. at 16–17. Defendant contends that any inconsistent allegations to the contrary should be disregarded. *Id.* Plaintiff objects to this argument on the basis that she never alleges Defendant accommodated her. Opp'n at 12–13.

"Under the FEHA, it is unlawful for an employer to 'fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.'" *Martinez*, 481 F. Supp. 3d at 1098 (quoting Cal. Gov. Code § 12940(n)). "The duty to engage in the interactive process is generally 'triggered upon notification of the disability and the desire for accommodation.'" *Id.* (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)).

For the reasons provided *supra*, the Court finds that Plaintiff adequately pleads her failure to accommodate claim. Further, Plaintiff alleges that Defendant was aware of her disabilities and failed and refused to engage in the interactive process. Compl. ¶¶ 61–62, 26. Accordingly, the Court finds that Plaintiff has stated a plausible claim for failure to engage in the interactive process and **DENIES** Defendant's Motion as to Plaintiff's third claim.

### V. Sufficiency of Failure to Prevent Discrimination Claim (Claim 6)

Defendant contends that, because Plaintiff's discrimination claims fail, so too must the derivative failure to prevent claim. Mot. Mem. at 17–18. Although Plaintiff does not directly address this claim in her Opposition, as noted *supra*, she argues that her discrimination claims are adequately pleaded. *See* Opp'n at 8–11.

"A plaintiff seeking to recover on a failure to prevent discrimination claim under FEHA must show that (1) [she] was subjected to discrimination; (2) defendant failed to take all reasonable steps to prevent discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1098 (E.D. Cal. 2017) (quoting *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 804 (N.D. Cal. 2015)). "Employers should not be held liable to employees for failure to take necessary steps to prevent [discrimination], except where the actions took place and were not prevented." *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998), *as modified* (May 12, 1998). Thus, if a plaintiff's discrimination claim is defective, "[her] claim for failure to prevent discrimination and retaliation 'must also fail.'" *Chisolm*, 383 F. Supp. 3d at 1069 (citations omitted). However, the converse is also true: a plaintiff who adequately pleads a claim for discrimination "therefore adequately plead[s] the requisite foundation of discrimination required for a [failure to prevent discrimination] claim." *Achal*, 114 F. Supp. 3d at 804.

For the reasons provided *supra*, the Court finds that Plaintiff has adequately pleaded a claim for disability discrimination in violation of FEHA, and thus the first element of her failure to prevent discrimination claim. Plaintiff also alleges that Defendant failed to prevent or remedy the disability discrimination Plaintiff faced. Compl. ¶ 106. Finally, Plaintiff claims that Defendant's failures in this regard caused her to suffer both economic and emotional harm. *Id.* ¶¶ 107–08. Accordingly, the Court finds that Plaintiff has also stated a plausible claim for failure to prevent discrimination and **DENIES** Defendant's Motion as to Plaintiff's sixth claim.

///

### VI. Sufficiency of Retaliation Claim (Claim 7)

Defendant argues that the retaliation claim is defective "because the vast majority of the allegedly retaliatory acts simply do not rise to the level of retaliation as a matter of law." Mot. Mem. at 18. "To establish a prima facie case of retaliation under FEHA, a plaintiff must demonstrate that: (1) [she] engaged in a protected activity, (2) [her] employer subjected [her] to an adverse employment action, and (3) there is a causal link between the protected activity and the employer's action." *Chisolm*, 383 F. Supp. 3d at 1065–66 (citation omitted).

Here, Plaintiff alleges that she complained to her supervisor, Dante, that Defendant was supposed to assign her modified duties because of her disability, *see* Compl. ¶ 16, and that she filed at least four grievances complaining about discrimination, *id.* ¶ 18; accordingly, Plaintiff adequately pleads the first element of her retaliation claim, as "opposing discrimination or other conduct made unlawful by FEHA is a protected activity." *Smith v. W.W. Grainger, Inc.*, No. EDCV181405JGBSPX, 2019 WL 1670942, at *4 (C.D. Cal. Feb. 5, 2019) (citing Cal. Gov't Code § 12940(h)). Further, as noted *supra*, termination of employment can rise to the level of an adverse employment action. Finally, Plaintiff alleges that Defendant refused to engage in the interactive process and ultimately terminated her as a result of "her requests for disability accommodations, requests for FMLA, filing/perceived filing for workers' compensation, and complaints to Defendant about harassing and discriminatory acts being committed against Plaintiff." Compl. ¶ 115. Accordingly, the Court concludes that Plaintiff has adequately pleaded a claim for retaliation in violation of FEHA and **DENIES** Defendant's Motion as to Plaintiff's seventh claim.

### VII. Sufficiency of Wrongful Termination Claim (Claim 8)

Defendant asserts that the wrongful termination claim must be dismissed because "[Plaintiff] alleges GFS had valid, non-discriminatory reasons for terminating her and thus any alleged violation of public policy was not a substantial motivating factor in her termination." Mot. Mem. at 20. Further, Defendant contends that, "by her own account,

Plaintiff suffered no wrongful termination." *Id.* at 21. Plaintiff, however, claims that "Defendant's har[]assment, demotion, and ultimately termination of Plaintiff was based upon wanting to get rid of her due to her disability, requests for accommodation and FMLA leave, as well as her age (53 years old) and race/national origin." Opp'n at 14. Plaintiff argues that "the progression of events and Dante's direct instructions leading to termination are more than sufficient to establish a 'substantial motivating reason' for Plaintiff's termination." *Id.* Defendant counters that "the suspicious timing argument is undermined by the slew of non-discriminatory reasons Plaintiff pleads for her termination." Reply at 9.

"The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014) (citing *Haney v. Aramark Unif. Servs., Inc.*, 121 Cal. App. 4th 623, 641 (2004)).

The Court finds that Plaintiff satisfactorily pleads these elements to survive the instant Motion. Plaintiff alleges an employer-employee relationship, *see* Compl. ¶ 10, and the termination of her employment, *see id.* ¶ 25. Plaintiff alleges that "Defendant wrongfully terminated Plaintiff, in blatant retaliation for her requests for accommodation, FMLA, and due to Plaintiff's age, race, national origin, and disability." *Id.* ¶ 25. Plaintiff alleges that her wrongful termination violated the State's public policies that "make[] it illegal for an employer to prohibit an employee from discussing their working conditions," *id.* ¶ 122 (citing Cal. Lab. Code § 232.5); "protect[] an employee's right to complain of unsafe working conditions," *id.* ¶ 123 (citing Cal. Lab. Code § 6310); "require[] employers to provide a work environment that is safe for its employees," *id.* ¶ 124 (citing Cal. Lab. Code § 6400); and "prohibit[] forms of discrimination against protected classes of employees," *id.* ¶ 125 (citing Cal. Gov't Code § 12940 *et seq.*). Plaintiff alleges "that a determining and motivating factor in Defendants' [sic] decision to terminate Plaintiff was

the desire to retaliate against her" due to her disability and protected activities, *id.* ¶ 126, and that Defendant's actions "resulted in damage and injury to Plaintiff," *id.* ¶ 127. For the reasons noted *supra*, the Court rejects Defendant's claim that Plaintiff has pleaded non-discriminatory reasons for Plaintiff's termination and that therefore Plaintiff's termination necessarily was not wrongful. Accordingly, the Court **DENIES** Defendant's Motion as to Plaintiff's eighth claim.

**VIII. Sufficiency of Unfair Business Practices Claim (Claim 9)**

Defendant argues that Plaintiff's unfair business practices claim is derivative of her other claims, and therefore fails as a matter of law. Mot. Mem. at 21–22. However, because the Court has found, for the reasons provided *supra*, that at least some of Plaintiff's claims survive the instant Motion, the Court finds that Plaintiff has alleged that Defendant engaged in unfair business practices and **DENIES** Defendant's Motion as to Plaintiff's ninth claim. *See, e.g.*, *Martin v. Wells Fargo Bank, Nat'l Ass'n*, No. SACV110037AGMLGX, 2011 WL 13225204, at *8 (C.D. Cal. June 20, 2011).

**IX. Leave to Amend**

Plaintiff requests leave to amend should the Court grant any portion of Defendant's Motion. *See* Opp'n at 15–16. Plaintiff further notes that the allegations in her Complaint "constitute valid Federal causes of action under the rules of the Equal Employment Opportunity Commission ("EEOC") at 42 U.S.C. § 2000e, *et seq.* and the Americans with Disabilities Act at 42 U.S.C. § 12101, *et seq.*" *Id.* at 6. Accordingly, to the extent the Court determines that the federal enclave doctrine applies, Plaintiff argues that leave to amend should be allowed to plead corresponding federal causes of action. *Id.* at 7. Defendant argues that, having brought her claims under California law, "Plaintiff 'does not dispute the fact that all of her causes of action are based on California state laws that either postdate Camp Pendleton's enclave status or are inconsistent with federal law,'" and accordingly dismissal with prejudice is appropriate. Reply at 9 (citing *Shurow v. Gino Morena Enters., LLC*, No. 3:16-CV-02844-L-KSC, 2017 WL 1550162, at *2, *4 (S.D. Cal. May 1, 2017)).

Because the Court finds it possible that Plaintiff could cure the pleading defects identified above as to any dismissed claims, the Court **GRANTS** Plaintiff's request for leave to amend. However, "[g]iven the fact [Plaintiff's claims] may well [have arisen on] a federal enclave, the court [also] will allow Defendant an additional opportunity to raise this issue." *Zuniga*, 2006 WL 769317, at *8. Accordingly, the Court also grants Plaintiff the opportunity she requests to restate her state law claims under federal law. "When filing any amended complaint or further motions, the parties are cautioned to review this order[ and] the federal enclave doctrine," and "[t]he parties are advised that all pleadings must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support the pleading." *Id.* at *11 (citing Fed. R. Civ. P. 11; *Les Shockley Racing Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 510 (9th Cir. 1989)).

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 4). Specifically, the Court **GRANTS** Defendant's Motion as to the Complaint's fourth and fifth claims for age and race/national origin discrimination, respectively, which are **DISMISSED WITHOUT PREJUDICE**. The Court otherwise **DENIES** Defendant's Motion.

Plaintiff **MAY FILE** an amended complaint within <u>thirty (30) days</u> of the electronic docketing of this Order. Should Plaintiff elect to file an amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiff's prior complaint. *See* S.D. Cal. CivLR 15.1. Any claims not realleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: June 14, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge